UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Respondent, | ) | |
| v. | ) | No.: 3:12-CR-124-TAV-DCP-1 |
| | ) | 3:15-CV-568-TAV |
| JEFFREY DARRELL RAY, JR, | ) | |
| Defendant-Petitioner. | ) | |

# **ORDER**

Defendant-petitioner[1] has moved for a sentence reduction under 18 U.S.C. § 3742 [Doc. 123, 3:12-CR-124], which is the statute covering appellate review of a defendant's sentence and the conditions under which a district court may resentence a defendant on remand following such an appeal. Defendant has already taken a direct appeal, *see United States v. Ray*, 622 F. App'x 548, 551 (6th Cir. 2015), which was unsuccessful. Because no relief is available under § 3742, defendant's motion is **DENIED** [Doc. 123, 3:12-CR-124].

There is also still pending a motion or leave to supplement habeas petition [Doc. 133, 3:12-CR-124]. Defendant's motion under 28 U.S.C. § 2255, to which this supplement apparently relates, was denied [Docs. 24, 25, 3:15-cv-568]. The motion to supplement is therefore **DENIED** as moot [Doc. 133, 3:12-CR-124].

---

[1] For the sake of simplicity this opinion will refer to Ray as merely as "defendant" rather than the technically correct term, "defendant-petitioner."

Finally, defendant recently filed a motion styled, "MOTION for Extension of Time to File for CoA or a Second Successive Filing" [Doc. 26, 3:15-cv-568]. This Court already denied a certificate of appealability [Docs. 24, 25, 3:15-cv-568],[2] and has no authority to grant defendant leave to file a second-or-successive motion under § 2255, which requires certification "by a panel of the appropriate court of appeals." This motion is therefore **DENIED** [Doc. 26, 3:15-cv-568].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] Defendant could perhaps request a certificate of appealability from the Sixth Circuit, as provided by Federal Rule of Appellate Procedure 22.